```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

UNITED STATES OF AMERICA,       §
                                §
                    Plaintiff,  §
                                § Criminal No. 3:09-CR-249-D(04)
VS.                             §
                                §
ERIC BYRON LITTLEJOHN, II,      §
                                §
                    Defendant.  §
```

## MEMORANDUM OPINION AND ORDER

In this memorandum opinion and order, the court addresses two motions filed by defendant Eric Byron Littlejohn, II ("Littlejohn").[1]

### I

*Motion for Severance*

#### A

Littlejohn moves the court to sever his trial from the trial of his codefendants. The court has set out the relevant background facts and procedural history in prior opinions in this case. *See United States v. Faulkner*, No. 3:09-CR-249-D, slip op. at 2-5 (N.D. Tex. Dec. 28, 2010) (Fitzwater, C.J.); *United States v. Haney*, 2009 WL 3363821, at *1 (N.D. Tex. Oct. 19, 2009) (Fitzwater, C.J.). The court will therefore briefly summarize the background facts and procedural history that are pertinent to the present decisions.

Littlejohn is among 19 defendants charged in the third

---

[1] The court has separately addressed other motions filed by Littlejohn.

superseding indictment with various crimes, including conspiracy to commit wire and mail fraud. "The government accuses the defendants of being part of a conspiracy that lasted six years (from 2003 to 2009) and involved a loss calculated at approximately [$20] million as of the date of the [third superseding] indictment." *Haney*, 2009 WL 3363821, at *1. The scope of the alleged conspiracy is wide—it involves 19 persons, numerous sham companies, and several victim companies—and the alleged criminal activities are primarily electronic in nature. The third superseding indictment contains nine counts against the defendants; Littlejohn is charged in count one with the offense conspiracy to commit mail and wire fraud, and in a forfeiture count.

Littlejohn moves the court to sever his trial from that of his codefendants under Fed. R. Crim. P. 14. He argues that because he is only charged in count one and the forfeiture count and is mentioned only three times in the second superseding indictment, his role in the alleged conspiracy is far from central, and he is the most inconsequential of the defendants. Littlejohn avers that because this case is so complex and the level of culpability varies widely among defendants, there is a strong likelihood that a jury will be prejudiced against him by evidence against his codefendants. Finally, he argues that the judicial resources required for a separate trial are easily outweighed by the prejudice he will likely suffer by his association with his

codefendants.

B

The decision to grant a severance under Rule 14 on the ground that the joinder of the defendants prejudices one defendant lies within the trial court's discretion. *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994). "It is well settled in this circuit that codefendants who are indicted together should be tried together." *See United States v. Oliver*, 2008 WL 2511751, at *1 (N.D. Tex. Jun. 23, 2008) (Fitzwater, C.J.) (citing *United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992)). "Joinder is the rule rather than the exception." *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). In particular, codefendants charged with conspiracy should be tried together. *See United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993); *United States v. Kahaner*, 203 F. Supp. 78, 80-81 (S.D.N.Y. 1962) (noting that persons who are indicted together should be tried together particularly "where the indictment charges a conspiracy or a crime which may be proved against all the defendants by the same evidence"). The court should grant a severance only upon finding that there is a serious risk that a joint trial would compromise a specific trial right of one defendant, or prevent the jury from making a reliable judgment on guilt. *See Neal*, 27 F.3d at 1045 (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

To decide Littlejohn's motion for severance, the court must

balance the potential prejudice to him against the public interest in joint trials. *See Oliver*, 2008 WL 2511751, at *1 (citing *United States v. Berkowitz,* 662 F.2d 1127, 1132 (5th Cir. Unit B Dec. 1981)). To obtain a trial severance, Littlejohn must do more than show some prejudice; he must demonstrate that he will receive an unfair trial and suffer specific and compelling prejudice against which the court cannot protect him. *See United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007).

C

Littlejohn's sole basis for seeking a severance is that he will suffer prejudicial effects from his association with his codefendants in a joint trial. The government responds that Littlejohn has failed to show that a substantial trial right would be prejudiced or that jury confusion would lead to his wrongful conviction. The government also asserts that the court can protect against jury confusion by instructing the jury that it is to consider the evidence as it applies to each defendant independently. Finally, the government argues that judicial efficiency weighs heavily against granting a severance because a separate trial would be lengthy and would require the government to call the same witnesses against Littlejohn as it will call against his codefendants.

> In order to obtain severance under Rule 14, the defendants have the difficult burden of proving that they will suffer the most compelling prejudice from continued joinder[.] . . . The test for such prejudice is [w]hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.

*United States v. Zicree*, 605 F.2d 1381, 1388-89 (5th Cir. 1979) (citing *United States v. Wasson*, 568 F.2d 1214, 1222 (5th Cir. 1978)). Even when the evidence in a case is "both massive and complex," the court may "explicitly instruct[] the jury to consider each offense separately and each defendant individually." *United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009). "Limiting instructions such as these are generally sufficient to prevent the threat of prejudice resulting from unsevered trials." *Id.* (internal quotation marks and citation omitted).

Moreover, "prejudice that may result from the introduction of evidence at trial relating to coconspirators that is irrelevant to a particular defendant . . . does not require severance[.]" *United States v. Potashnik*, 2008 WL 5272807, at *8 (N.D. Tex. Dec. 17, 2008) (Lynn, J.) (citing *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996)). "Similarly, a quantitative disparity in the *amount* of evidence offered against one defendant in relation to other co-defendants is also normally insufficient to warrant severance under Rule 14[.]" *Id.* (citing *Pofahl*, 990 F.2d at 1482).

Moreover, even if there is more damaging evidence presented against one defendant that may "spillover" to other defendants against whom the evidence is not as damaging, the proper remedy is not severance. The pernicious effect of cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government. *See United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990); *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir. 1985).

The court holds that the potential prejudice to Littlejohn does not outweigh the public interest in joint trials. Littlejohn has not demonstrated that he will receive an unfair trial or will suffer specific and compelling prejudice against which the court cannot protect him. The court can properly instruct the jury that it is to consider separately the evidence offered against each defendant. *See Berkowitz*, 662 F.2d at 1135. If the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, severance should not be granted. *See United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir. 1990). Because Littlejohn has failed to make a sufficient showing that the jury will be unable to compartmentalize the evidence against the various defendants or to apply that evidence in accordance with the jury charge (in which the court anticipates that the jury will be instructed to consider only the evidence offered against the

defendant in question), he has failed to establish that he is entitled to a severance. The court therefore denies the motion.

II

*Motion for* Brady *and* Giglio *Material*

Littlejohn moves for production and inspection of favorable material or information that may lead to favorable evidence. Littlejohn specifically requests production of 19 categories of evidence. The government opposes the motion to the extent Littlejohn seeks discovery beyond that to which he is legally entitled. It agrees to comply fully with its discovery obligations under Rules 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and all orders of the court. To the extent that Littlejohn's requests are overbroad, vague, ambiguous, or place a greater burden on the government than the law provides, the government objects to Littlejohn's requests.

A

*Littlejohn's Requests (a), (d), and (e)*

In request (a),[2] Littlejohn asks that the government disclose any witness favorable to the defense. In request (d), Littlejohn asks that the government disclose any witness statements or other

---

[2]The court will address Littlejohn's specific requests in the order in which the government responds to them.

evidence that suggests that Littlejohn did not know of the alleged conspiracy. In request (e), Littlejohn asks that the government disclose any evidence that persons who may have convinced Littlejohn to participate in the alleged offense were government agents, informants, or persons acting on behalf of the government. The government responds that these requests are overbroad and that it has already turned over records in its possession related to the criminal charges. The government agrees to comply with its obligations under Rules 12(b)(4), 16, and 26.2, the Rules pertaining to witnesses who testify, and the Jencks Act.

To the extent the government has agreed to the production Littlejohn seeks, the court denies the motion as moot. The court also expects the government to comply with its obligations under *Brady* and *Giglio*. To the extent Littlejohn requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

B

*Littlejohn's Requests (b) and (o)*

In request (b), Littlejohn asks that the government disclose any psychiatric or psychological reports that evidence Littlejohn's legal insanity. The government responds that it has no such reports. In request (o), Littlejohn asks that the government disclose any informant files on a witness. The government responds

that there are no informants as referred to in this request. Littlejohn's motion is denied as moot in these respects.

C

*Littlejohn's Request (c)*

In request (c), Littlejohn asks that the government disclose any prior contrary statements of any government witness. The government responds that this request is overbroad and agrees to produce material covered by the Jencks Act at the appropriate time.

To the extent the government has agreed to the production Littlejohn seeks, the court denies the motion as moot. To the extent Littlejohn requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

D

*Littlejohn's Request (f)*

In request (f), Littlejohn asks that the government disclose any records and information revealing prior convictions or guilty verdicts, deferred adjudications, or juvenile adjudications in the United States or foreign jurisdictions for each government witness. The government agrees to provide prior felony convictions and other convictions as required by Fed. R. Evid. 609.

To the extent the government has agreed to the production Littlejohn seeks, the court denies the motion as moot. To the

extent Littlejohn requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

E

*Littlejohn's Request (h)*

In request (h), Littlejohn asks that the government disclose any presentence report or sentencing guidelines report for any government witness. The government responds that if it determines that a government witness is the subject of a presentence report with relevant content, the government will provide the presentence report to the court for *in camera* inspection. The government also notes that Littlejohn may request presentence reports through the probation office or the court.

To the extent the government has agreed to the production Littlejohn seeks, the court denies the motion as moot. To the extent Littlejohn requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

F

*Littlejohn's Requests (g), (i), (j), (k), and (l)*

In request (g), Littlejohn asks that the government disclose any records and information revealing prior misconduct, wrongs, bad

- 10 -

acts, or other crimes attributed to any government witness, particularly those admissible under Rule 608(b) to impeach a witness. In request (i), Littlejohn asks that the government disclose the immigration status of any government witness or informant who is not a citizen of the United States. In request (j), Littlejohn asks that the government disclose any fees, payment of expenses, or other material rewards given or offered to a government witness or informant, and he lists types of consideration. In request (k), Littlejohn asks that the government disclose any threats, express or implied, direct or indirect, or other coercion made or directed against any government witness. In request (l), Littlejohn asks that the government disclose any criminal prosecutions, investigations, or potential criminal prosecutions which could be brought against a witness.

The government objects to these requests as overbroad and to request (g) as ambiguous. The government agrees to disclose the immigration status of a witness if it is relevant to show bias or impeachment based on a promise extended to that witness. The government agrees to disclose benefits extended or promised to a testifying witness. The government agrees to disclose any promises of leniency, compensation, or assurance not to prosecute extended to a witness. Finally, the government agrees to disclose any threat made to a witness.

To the extent the government has agreed to the production

- 11 -

Littlejohn seeks, the court denies the motion as moot.  To the extent Littlejohn requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

G

*Littlejohn's Requests (m), (n), (p), (q), (r), and (s)*

In request (m), Littlejohn asks that the government disclose any probation, parole, deferred adjudication, or deferred government or custodial status of a witness.  In request (n), Littlejohn asks that the government disclose any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government over which the government has real, apparent, or perceived influence.  In request (p), Littlejohn asks that the government disclose the existence and identity of any federal, state, and local government files on a witness.  In request (q), Littlejohn asks that the government disclose the existence and identity of any official internal affairs investigation, public integrity investigation, or personnel files relating to or connected with a witness who was or is a law enforcement officer.  In request (r), Littlejohn asks that the government disclose the existence and identification of each occasion on which a witness, who was an informer, accomplice, or expert, has testified before any court, grand jury, or other

tribunal. In request (s), Littlejohn asks that the government disclose any other records and/or information which arguably could be helpful or useful to the defense in impeaching the government's evidence. Specifically, Littlejohn requests information related to the mental, emotional, and physical history of any witness, the use of any lie detector or polygraph tests on a witness, the use of narcotics or other drugs by a witness, and any identifications by a witness of someone other than Littlejohn as the perpetrator of the alleged crime.

The government objects to these requests as overbroad and ambiguous. The government agrees to provide polygraph tests and their results and evidence of the use of narcotics or other drugs by a witness as requested in (s).

To the extent the government has agreed to the production Littlejohn seeks, the court denies the motion as moot. To the extent Littlejohn requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

### III

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than April 25, 2011 at noon with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the

- 13 -

government's agreement to produce what Littlejohn has requested. Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Littlejohn will begin his cross-examination of a witness.

**SO ORDERED.**

March 21, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 14 -